IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LAVALL T. LEE,

                Plaintiff,                OPINION AND ORDER

    v.

                                           22-cv-119-wmc

BRIAN CHAK,
MR. INGENTHRON,
and SGT. WRIGHT,

                Defendants.

*Pro se* plaintiff Lavall T. Lee brings this lawsuit under 42 U.S.C. § 1983 alleging that defendants did not adequately protect him from the risk of contracting Covid-19 during an outbreak of the virus at New Lisbon Correctional Institution. Plaintiff's complaint is now ready for screening as required by 28 U.S.C. § 1915A. Although it appears that Lee's allegations do not support a claim upon which relief can be granted, the court will give him the opportunity to amend his complaint.

ALLEGATIONS OF FACT[1]

The alleged events underlying this lawsuit took place at New Lisbon, where plaintiff remains incarcerated and where defendants also work. Specifically, Brian Chak is the security director, Mr. Ingenthron is the C Unit Manager, and Sgt. Wright is a correctional officer.

On January 5, 2022, the Wisconsin National Guard came to New Lisbon to conduct

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously and resolve all ambiguities in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the following facts based on the allegations in plaintiff's complaint.

Covid-19 tests. Five days later, on January 10, Chak sent a memo to staff and inmates indicating that over 400 inmates had tested positive for the virus and that institutional operations would be modified in response. At 2:00 p.m. that same day, the inmates were ordered to lock down in their cells and wait for their test results. Sgt. Wright allegedly came to Lee's cell about half an hour later and informed Lee's cellmate that he had tested positive, but told Lee that his results were not yet available. At approximately 3:00 p.m., Lee received another memorandum informing inmates that New Lisbon would be on a modified lockdown effective the next day.

Despite so many inmates testing positive, all inmates allegedly were allowed to get and bring their dinners back to their cells that night. Lee complained to Ingenthron about the risk of exposure created by the dinner line, but the unit manager allegedly dismissed Lee's concerns and told him to "write a request." (Dkt. #1 at 2.) Then, after dinner, all the inmates were allowed to go to the day room, a decision that also struck Lee as problematic. When Lee sent the unit manager an interview request about these issues, Ingenthorn allegedly responded that staff knew how inmates were to be let out for meals, and that everyone was "learning and working through this process." (Dkt. #1 at 3.)

The next day, January 11, 2022, at around 2:00 p.m., Ingenthron allegedly returned to Lee's cell and told Lee that he had tested negative for Covid-19. Lee asked Ingenthron when he would be moved to a new cell to quarantine away from his Covid-positive cellmate, and was told that reassignments would be made later that day. However, Lee was still in his cell several days later, so he asked several correctional officers including Sgt. Wright whether he would be moved to another cell and was told no reassignments would be made.

2

Lee sent Ingenthron another interview request on January 19, 2022, complaining about having to quarantine with a Covid-positive cellmate. Ingenthron acknowledged Lee's frustration in his response, but explained that cellmates would be kept together if one had tested positive and the other negative. Lee also wrote to the health services unit ("HSU"), and the HSU manager responded that Lee had already been exposed to the virus, and that New Lisbon's outbreak had created health and security concerns. Lee seeks declaratory relief as well as damages.

OPINION

Lee alleges that defendants failed to properly keep him safe from the risk of contracting the coronavirus during a January 2022 outbreak at New Lisbon. Although plaintiff's complaint lists the First, Fifth, Eighth, and Fourteenth amendments, the allegations implicate his rights under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). The Eighth Amendment requires prison officials to provide inmates with humane conditions of confinement and to take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment if the official consciously disregards a substantial risk of serious harm to an inmate. *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020).

Plaintiff's complaint requires dismissal since it does not satisfy the requirements of Federal Rule of Civil Procedure 8. Rule 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them

3

to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff does not allege that he contracted the coronavirus, or suffered any other form of injury, from sharing a cell with a Covid-positive cellmate or from the dinner and day room protocols in effect on January 10, 2022. In general, if plaintiff "want[s] to recover money damages solely for the risk to his life," to which he alleges defendants were deliberately indifferent, "[t]hat risk is not compensable without evidence of injury." *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020); *see also Barnes v. Carr*, No. 21-cv-51-jdp, 2021 WL 3662452, at *1 (W.D. Wis. Aug. 18, 2021) (New Lisbon inmate's allegation that defendants subjected him to conditions making it likely that he would be exposed to the coronavirus failed to state a claim for damages because he did not allege that he contracted Covid-19 or was otherwise harmed).

Here, plaintiff suggests that as a general matter his exposure to Covid-19, even without contracting the virus, "poses a substantial risk of serious damage to his future health." (Dkt. #1 at 3.) The Eighth Amendment also protects prisoners from conditions that pose a substantial risk of damage to an inmate's future health, such as exposure to environmental toxins, to which contemporary society would not expose any unwilling individual. *See Helling*, 509 U.S. at 35-36 (establishing a two-prong test to determine whether exposure to second-hand tobacco smoke violates a prisoner's Eighth Amendment rights); *see also Henry v. Deshler*, No. 20-2185, 2021 WL 2838400, at *2 (7th Cir. July 8,

4

2021) ("unless a prisoner is challenging a failure to protect him from a serious risk of *future* harm, a claim of deliberate indifference cannot be based on a risk that never came to pass"). To succeed on such a claim, plaintiff will have to show "to a degree of reasonable medical certainty" that he actually faced an increased risk of injury. *Gray v. Hardy*, 826 F.3d 1000, at 1007 (7th Cir. 2016). Yet plaintiff does not assert that he is facing an ongoing risk of exposure,[2] or that any aspect of his health places him at higher risk to experience severe illness or complications if he contracts the virus. *See United States v. Ferry*, 457 F. Supp.3d 1163, 1174 (D. N.M. May 6, 2020) (in the context of a motion for release pending sentencing, finding that a generalize risk of exposure to Covid-19 in jails and prisons insufficient to establish a substantial risk of damage to defendant's future health).

The court will therefore not allow plaintiff to proceed on an Eighth Amendment claim against any defendant based on his allegations. However, before dismissing an action for failure to state a claim upon which relief can be granted, courts generally must give the plaintiff an opportunity to amend his complaint, unless it is apparent that such an amendment would be futile. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts . . . generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."). The court will therefore allow plaintiff 21 days to file an amended complaint to address how he was harmed by defendants' actions, assuming he can do so in good faith. If plaintiff fails to file an

---

[2] The court's review of the DOC's publicly reported data for Covid-19 infections among the prison population shows only 1 active case being reported at New Lisbon as of May 6, 2022. *See* https://doc.wi.gov/Pages/COVID19(Coronavirus)/COVID19TestingDashboard.aspx (last accessed May 6, 2022).

amended complaint by the deadline indicated below, the court will dismiss his claims for failure to prosecute under Federal Rule of Civil Procedure 41(b).

When drafting, plaintiff should include *all* of his factual allegations in *one* document, setting forth those allegations in separate, numbered paragraphs using short and plain statements and setting legal argument aside. *See Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (noting that complaints "initiate the litigation," and "legal arguments come later"). After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

## ORDER

IT IS ORDERED that:

1) Plaintiff's complaint is DISMISSED without prejudice for failure to satisfy the requirements of Federal Rule of Civil Procedure 8.

2) Plaintiff has until **May 31, 2022**, to file an amended complaint that corrects the deficiencies described above. Plaintiff's failure to file an amended complaint by that deadline will cause the court to dismiss his claims with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 9th day of May, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge